UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| SHARI L. OLIVER, *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>JULIE A. MCDONALD, *et al.*,<br><br>Defendants. | Case No. 22-cv-12665<br>Honorable Gershwin A. Drain<br>Magistrate Judge Elizabeth A. Stafford |

**REPORT AND RECOMMENDATION TO GRANT THE OCCC DEFENDANTS' MOTION TO DISMISS (ECF NO. 17) AND TO DISMISS THE COMPLAINT**

I.  **Introduction**

Plaintiff Shari L. Oliver, representing her two minor children and herself pro se,[1] filed suit against twenty defendants about her state-court divorce and child custody proceedings.  ECF No. 6.  Thirteen of the

---

[1] "Parents cannot appear *pro se* on behalf of their minor children because a minor's personal cause of action is her own and does not belong to her parent or representative."  *Shepherd v. Wellman*, 313 F.3d 963, 970 (6th Cir. 2002) (cleaned up).  While Ms. Oliver contends that this case falls within a statutory exception to this rule because attorney representation would pose a conflict of interest, she fails to either cite the exception or explain the conflict of interest.  *See* ECF No. 6, PageID.210.  Thus, if the Court's recommendation to dismiss the case is not adopted, the minor children must either obtain legal counsel or be dismissed from the action.

defendants move to dismiss Ms. Oliver's claims. ECF No. 17. The Honorable Gershwin A. Drain referred the motion to the undersigned for a report and recommendation under 28 U.S.C. § 636(b)(1)(B). ECF No. 32. The Court **RECOMMENDS** that defendants' motion to dismiss be **GRANTED** and that the case be **DISMISSED** in its entirety for lack of jurisdiction.

## II. Background

Ms. Oliver's 163-page amended complaint details her marriage to Matthew W. Oliver, and their divorce and child custody proceedings. ECF No. 6, PageID.210-213, 224-311. Those proceedings took place in the Oakland County Circuit Court's Family Division before the Honorable Julie A. McDonald. *Id.* at PageID.213. In October 2021, Judge McDonald issued an opinion and judgment of divorce awarding Mr. Oliver sole legal and physical custody of the children, giving Ms. Oliver supervised parenting time, requiring her to pay child support, and dividing the marital property. *Id.* at PageID.214; ECF No. 17-4, PageID.1103, 1106, 1109-1112; ECF No. 17-5, PageID.1116, 1118, 1120-1126.

Ms. Oliver appealed the decision to the Michigan Court of Appeals, and the Honorable Elizabeth L. Gleicher denied her motion to stay the judgment pending the outcome of the appeal. ECF No. 6, PageID.266-268.

The Honorable Jane E. Markey, Douglas B. Shapiro, and Sima G. Patel affirmed Judge McDonald's decision in June 2022. *Id.* at PageID.284-285; ECF No. 17-6.

Ms. Oliver filed suit against the Oakland County Friend of the Court (FOC), Judge McDonald, and OCCC employees Katherine K. Heritage, Suzanne K. Hollyer, Tara Gardocki, Stephanie Pyrros-Hensen, Peter K. Dever, Katie Ward, Ryan O'Neil, Dana Redoutey, Erica Cheritt, Shannon Fler, and Faith Catenacci ("OCCC defendants"). She also sues Judges Gleicher, Markey, Shapiro, and Patel.[2] Last, Ms. Oliver sues her attorney Susan E. Cohen; and Mr. Oliver and his attorney, Philip G. Vera. Ms. Oliver advances federal claims under the Racketeer Influenced and Corrupt Organizations Act (RICO) and the Due Process Clause of the Fourteenth Amendment. ECF No. 6, PageID.312-333, 346-354.[3] And she asserts state-law claims of assault and battery, fraud, injurious falsehood,

---

[2] Although Judges Gleicher, Markey, Shapiro, and Patel move to dismiss on similar grounds as the OCCC defendants, that motion was not referred to the undersigned. *See* ECF No. 11.

[3] While Count VII is titled "abuse of process," the substance of the claim alleges due process violations in the family court proceedings, and Ms. Oliver states in her briefing that she asserted a due process claim. *See* ECF No. 6, PageID.346-354; ECF No. 13, PageID.446, 451-452.

3

conspiracy, intentional infliction of emotional distress, and vicarious liability. *Id.* at PageID.333-364.

The OCCC defendants move to dismiss because the Court lacks subject-matter jurisdiction. The Court agrees and recommends that the case should be dismissed in its entirety.

### III. Analysis

#### A.

A plaintiff must show that the Court has "original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States," or that jurisdiction is proper because of the diversity of citizenship of the parties. 28 U.S.C. §§ 1331, 1332. A motion challenging jurisdiction should be decided before any other motion to dismiss under Rule 12(b)(6). *Wayside Church v. Van Buren Cnty.*, 847 F.3d 812, 816 (6th Cir. 2017). The OCCC defendants' motion to dismiss relies on Ms. Oliver's pleadings and thus makes a facial attack on subject-matter jurisdiction. *Carrier Corp. v. Outokumpu Oyj*, 673 F.3d 430, 440 (6th Cir. 2012). Because the defendants make a facial attack, the Court must accept the allegations in Ms. Oliver's amended complaint as true. *Id.*

Ms. Oliver's allegations must plead a colorable claim supporting subject-matter jurisdiction. *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 513

4

(2006). She asserts federal question jurisdiction, citing 28 U.S.C. §§ 1331 and 1343(a) as the bases for this Court's jurisdiction. ECF No. 6, PageID.218. But "federal courts lack subject-matter jurisdiction when an asserted federal claim is so insubstantial, implausible, foreclosed by prior decisions of this Court, or otherwise completely devoid of merit as not to involve a federal controversy." *Arthur Andersen LLP v. Carlisle*, 556 U.S. 624, 629 (2009) (cleaned up). And although courts give a more liberal reading to pleadings filed by pro se litigants than to those drafted by lawyers, a pro se complaint still must plead facts showing that Court has jurisdiction. *Christenberry v. White*, No. 3:20-CV-176-TAV-DCP, 2020 WL 6371174, at *3 (E.D. Tenn. Oct. 29, 2020).

**B.**

Ms. Oliver's claims do not support subject-matter jurisdiction. "Generally, federal courts have no jurisdiction over domestic relations matters." *Danforth v. Celebrezze*, 76 F. App'x 615, 616 (6th Cir. 2003). Although federal courts may exercise jurisdiction over cases with "domestic relations overtones," they "lack jurisdiction where the action is a mere pretense and the suit is actually concerned with domestic relations issues." *Id.* (citing *Drewes v. Ilnicki*, 863 F.2d 469, 471 (6th Cir. 1988)) (affirming dismissal of a due process claim that was a pretense for obtaining federal

5

review of a family court's orders); *Firestone v. Cleveland Tr. Co.*, 654 F.2d 1212, 1216-17 (6th Cir. 1981) (affirming dismissal of claims asserting rights and interests in trusts because those interests were based on allegedly unfulfilled support obligations).

Relatedly, collateral attack of a state-court judgment is barred under the Rooker-Feldman doctrine. *Danforth*, 76 F. App'x at 616; *see also Shophar v. Gorski*, No. 17-13322, 2018 WL 4442271, at *6 (E.D. Mich. June 5, 2018). The Rooker-Feldman doctrine prevents federal district courts from reviewing "cases brought by state-court losers complaining of injuries caused by state-court judgments." *VanderKodde v. Mary Jane M. Elliott, P.C.*, 951 F.3d 397, 402 (6th Cir. 2020) (cleaned up). Put differently, "if the source of the injury is the state court decision, then the Rooker-Feldman doctrine would prevent the district court from asserting jurisdiction." *Lawrence v. Welch*, 531 F.3d 364, 368 (6th Cir. 2008) (cleaned up).

Although the complaint asserts federal RICO and due process claims, the allegations concern the merits of the family court proceedings. The complaint and briefing re-argue Ms. Oliver's parental fitness and detail her disagreement with the state-court judgment. *See* ECF No. 6, PageID.210-215, 224-311; ECF No. 13, PageID.444-451; ECF No. 20, PageID.1297-

1300, 1302-1304, 1308-1311.  For example, Ms. Oliver alleges that the state-court judgment is void because it was "created through fraud and without due process."  ECF No. 6, PageID.217, 295, 346.  While the pleadings are unclear, it appears the alleged fraud stems from Mr. Oliver's supposedly perjured testimony and Judge McDonald's finding that his statements were credible.  *Id.* at PageID.258, 295.  And in her briefing, Ms. Oliver argues that the state-court judgment was a "manifest injustice," as Mr. Oliver was awarded custody while she was "ordered to pay a fabricated $1,450 per month."  ECF No. 13, PageID.445; *see also* ECF No. 20, PageID.1309 ("What right do public servants have to limit [Ms. Oliver's] involvement with her children by ORDER?").

 The RICO and due process claims also allege injuries caused by the state-court judgment.  The RICO claim alleges that defendants conspired to separate Ms. Oliver from her children and defraud her of money through the order for child support and notices of past-due child support.  ECF No. 6, PageID.312-333.  And the due process claim disputes the merits of the state-court judgment and the child support enforcement proceedings.  *Id.* at PageID.346-354.  As relief, Ms. Oliver seeks compensatory damages for lost income, retirement savings, withheld tax refunds (presumably in satisfaction of child support obligations), and the costs of litigating the

7

divorce and child custody issues—*i.e.*, financial obligations addressed in Judge McDonald's opinion and judgment. *Id.* at PageID.328-330; *see also* ECF No. 17-4, PageID.1112-113; ECF No. 17-5, PageID.1118, 1121-1127. Because Ms. Oliver's federal claims concern the merits of domestic relations issues and seek federal review of the state-court judgment, the Court lacks jurisdiction and should dismiss the claims.

With Ms. Oliver's federal claims being nonviable, this case does not retain a federal character. Under 28 U.S.C. § 1367(c)(3), the Court should decline to extend supplemental jurisdiction over Ms. Oliver's state-law claims and dismiss them without prejudice. *See Brown v. Cuyahoga Cnty., Ohio*, 517 F. App'x 431, 436 (6th Cir. 2013) ("[Twenty-eight] U.S.C. § 1367 allows a district judge to decline to exercise supplemental jurisdiction over state-law claims if the district court has dismissed all claims over which it has original jurisdiction." (cleaned up)). Thus, the Court should dismiss the entire case.

## C.

The Court also lacks jurisdiction over the claims against Judge McDonald because she is entitled to absolute immunity. Generally, a judge has absolute immunity from a suit for damages or injunctive relief. *Mireles v. Waco*, 502 U.S. 9, 9-10 (1991); *Coleman v. Governor of Michigan*, 413

F. App'x 866, 873 (6th Cir. 2011). Absolute judicial immunity may be overcome in only two instances. *DePiero v. City of Macedonia*, 180 F.3d 770, 784 (6th Cir. 1999). First, a judge is not immune from liability for actions not taken in a judicial capacity. *Id.* "Second, a judge is not immune for actions, though judicial in nature, taken in complete absence of all jurisdiction." *Id.*

Both prongs are satisfied here. An action is within a judicial capacity if it is normally performed by a judge. *Mireles*, 502 U.S. at 11; *Cooper v. Rapp*, 702 F. App'x 328, 332 (6th Cir. 2017). Judges normally enter orders and judgments in divorce cases; thus, Judge McDonald was acting in a judicial capacity when she performed those functions in the Olivers' divorce case. *See Savoie v. Martin*, 673 F.3d 488, 493 (6th Cir. 2012). Ms. Oliver makes conclusory allegations that the Oakland County Circuit Court lacked jurisdiction, but she pleads no facts plausibly supporting that position. *See* ECF No. 6, PageID.280-281, 295, 348.

Ms. Oliver contends that absolute immunity does not apply because Judge McDonald was engaged in criminal activity and misconduct that violated her civil rights. ECF No. 13, PageID.439; ECF No. 20, PageID.1293. But judges "are absolutely immune from suits for damages even if they act erroneously, corruptly or in excess of jurisdiction." *King v.*

9

*Love*, 766 F.2d 962, 965 (6th Cir. 1985); *see also King v. McCree*, 573 F. App'x 430, 437 (6th Cir. 2014) (absolute immunity applied even though the judge allegedly violated the plaintiff's civil rights); *Davit v. Davit*, 173 F. App'x 515, 518 (7th Cir. 2006) (absolute immunity applied even though the plaintiff alleged the judges were criminally liable under RICO). Thus, the claims against Judge McDonald should be dismissed.

### D.

The Court also lacks jurisdiction over the claims against the other OCCC employees, who are entitled to quasi-judicial immunity. "[A]bsolute judicial immunity has been extended to non-judicial officers who perform 'quasi-judicial' duties. Quasi-judicial immunity extends to those persons performing tasks so integral or intertwined with the judicial process that these persons are considered an arm of the judicial officer who is immune." *Bush v. Rauch*, 38 F.3d 842, 847 (6th Cir. 1994). Courts must use a functional approach to determine whether quasi-judicial immunity applies, looking "to the nature of the function performed, not the identity of the actor who performed it." *Id.* (cleaned up). And the doctrine applies to judicial employees' performance of their duties "whether or not they committed any errors." *Wojnicz v. Davis*, 80 F. App'x 382, 384 (6th Cir. 2003).

Ms. Oliver's claims against the individual OCCC defendants arise from their work on her case in their quasi-judicial capacities. *See* ECF No. 6, PageID.223, 236-238, 243-245, 251-252, 258-260, 269-272, 274-276. For example, Ms. Oliver alleges that O'Neil, the referee who presided over her contempt hearing for failing to pay child support, "simulated the legal process" by acting as a judge during that hearing. ECF No. 6, PageID.223, 271, 335. Thus, the individual OCCC defendants—including a staff attorney, referee, and FOC staff—are entitled to quasi-judicial immunity and should be dismissed. *See Tidik v. Ritsema*, 938 F. Supp. 416, 423 (E.D. Mich. 1996).

## E.

Last, the FOC is also immune from suit. The Eleventh Amendment bars federal suit against a state or its departments or agencies unless the state has waived sovereign immunity or consented to suit. *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 101 (1984). Circuit courts "are arms of the state and thus, immune from suit." *Merritt v. Lauderbach*, No. 12-CV-14141, 2013 WL 1148421, at *4 (E.D. Mich. Feb. 28, 2013), *adopted*, 2013 WL 1148418 (E.D. Mich. Mar. 19, 2013); *see also Starr v. St. Clair Cnty. Friend of the Court*, No. 22-11401, 2022 WL 2308386, at *1-2 (E.D. Mich. June 27, 2022). And since the FOC is part of the Oakland

County Circuit Court, immunity also extends to the FOC. *Starr*, 2022 WL 2308386, at *1-2; *Merritt*, 2013 WL 1148421, at *4.

IV. Conclusion

The Court **RECOMMENDS** that the OCCC defendants' motion to dismiss be **GRANTED** (ECF No. 17) and that the case be **DISMISSED** in its entirety for lack of jurisdiction.

s/Elizabeth A. Stafford  
ELIZABETH A. STAFFORD  
United States Magistrate Judge

Dated: February 7, 2023

### NOTICE TO THE PARTIES ABOUT OBJECTIONS

Within 14 days of being served with this report and recommendation, any party may serve and file specific written objections to this Court's findings and recommendations. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2). If a party fails to timely file specific objections, any further appeal is waived. *Howard v. Secretary of HHS*, 932 F.2d 505 (6th Cir. 1991). And only the specific objections to this report and recommendation are preserved for appeal; all other objections are waived. *Willis v. Secretary of HHS*, 931 F.2d 390, 401 (6th Cir. 1991).

Each **objection must be labeled** as "Objection #1," "Objection #2," etc., and **must specify** precisely the provision of this report and recommendation to which it pertains. Within 14 days after service of objections, **any non-objecting party must file a response** to the objections, specifically addressing each issue raised in the objections in the same order and labeled as "Response to Objection #1," "Response to Objection #2," etc. The response must be **concise and proportionate in length and complexity to the objections**, but there is otherwise no page limitation. If the Court determines that any objections lack merit, it may rule without awaiting the response.

## CERTIFICATE OF SERVICE

The undersigned certifies that this document was served on counsel of record and any unrepresented parties via the Court's ECF System to their email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on February 7, 2023.

s/Marlena Williams<br>
MARLENA WILLIAMS<br>
Case Manager