UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| SHARI L. OLIVER, *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>JULIE A. MCDONALD, *et al.*,<br><br>Defendants. | Case No. 22-cv-12665<br>Honorable Gershwin A. Drain<br>Magistrate Judge Elizabeth A. Stafford |

**REPORT AND RECOMMENDATION TO GRANT IN PART AND DENY IN PART DEFENDANT COHEN'S MOTION TO DISMISS (ECF NO. 41)**

Plaintiff Shari L. Oliver, representing her two minor children and herself pro se, filed suit against twenty defendants including Susan E. Cohen, her attorney in the divorce proceedings at issue. ECF No. 6. The Honorable Gershwin A. Drain referred the case to the undersigned for all pretrial matters under 28 U.S.C. § 636(b)(1). ECF No. 39. The Court has recommended that Oliver's complaint be dismissed without prejudice for lack of subject matter jurisdiction. ECF No. 37; ECF No. 40. While agreeing that subject matter jurisdiction is lacking, Cohen also moves to dismiss Oliver's claims under Federal Rule of Civil Procedure 12(b)(6). ECF No. 41, PageID.2506.

But when a court lacks subject matter jurisdiction, it has no power to render a judgment on the merits, so the complaint must be dismissed without prejudice. *See Simpson-Vlach v. Mich. Dep't of Educ.*, — F. Supp. 3d —, 2022 WL 2910184, at *18 (E.D. Mich. July 22, 2022). A "Rule 12(b)(6) challenge becomes moot if this court lacks subject matter jurisdiction." *Moir v. Greater Cleveland Reg'l Transit Auth.*, 895 F.2d 266, 269 (6th Cir. 1990).[1]

Thus, the Court **RECOMMENDS** that Cohen's motion to dismiss based on lack of subject matter jurisdiction be **GRANTED** but that her motion to dismiss on other grounds be **DENIED**.

s/Elizabeth A. Stafford
ELIZABETH A. STAFFORD
United States Magistrate Judge

Dated: March 9, 2023

## NOTICE TO THE PARTIES ABOUT OBJECTIONS

Within 14 days of being served with this report and recommendation,

---

[1] Although Cohen argues that the Court lacks jurisdiction because Oliver's claims are subject to arbitration, the Court's authority to determine arbitrability requires an independent basis for federal jurisdiction that is lacking here. *See Smith Barney, Inc. v. Weinhold*, 124 F.3d 199 (Table) (6th Cir. 1997); *see also Robert D. Mabe, Inc. v. OptumRX*, 43 F.4th 307, 327-28 (3d Cir. 2022) (arbitrability determinations are not jurisdictional).

any party may serve and file specific written objections to this Court's findings and recommendations.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2).  If a party fails to timely file specific objections, any further appeal is waived.  *Howard v. Secretary of HHS*, 932 F.2d 505 (6th Cir. 1991).  And only the specific objections to this report and recommendation are preserved for appeal; all other objections are waived.  *Willis v. Secretary of HHS*, 931 F.2d 390, 401 (6th Cir. 1991).

Each **objection must be labeled** as "Objection #1," "Objection #2," etc., and **must specify** precisely the provision of this report and recommendation to which it pertains.  Within 14 days after service of objections, **any non-objecting party must file a response** to the objections, specifically addressing each issue raised in the objections in the same order and labeled as "Response to Objection #1," "Response to Objection #2," etc.  The response must be **concise and proportionate in length and complexity to the objections**, but there is otherwise no page limitation.  If the Court determines that any objections lack merit, it may rule without awaiting the response.

## **CERTIFICATE OF SERVICE**

      The undersigned certifies that this document was served on counsel of record and any unrepresented parties via the Court's ECF System to their email or First-Class U.S. mail addresses disclosed on the Notice of Electronic Filing on March 9, 2023.

                                         s/Marlena Williams
                                         MARLENA WILLIAMS
                                         Case Manager