UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SHARI L. OLIVER, et al.,

    Plaintiffs,

v.

    Case No.: 22-12665
    Hon. Gershwin A. Drain

JULIE A. MCDONALD, et al.,

    Defendants.

_____/

## ORDER ACCEPTING AND ADOPTING REPORTS AND RECOMMENDATIONS [#40, #37, #50] OVERRULING OBJECTIONS [#42, #43, #51], GRANTING MOTIONS TO DISMISS [#11, #17, #41] AND DISMISSING ACTION

**I.    INTRODUCTION**

Plaintiff Shari L. Oliver, proceeding *pro se*, filed the instant action raising federal claims under the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. § 1964(c), and the Fourteenth Amendment's Due Process Clause pursuant to 42 U.S.C. § 1983.  Ms. Oliver also asserts state law claims of assault and battery, fraud, injurious falsehood, abuse of process, conspiracy, and intentional infliction of emotional distress. Plaintiff's claims stem from her dissatisfaction with the outcome of her divorce and child custody proceedings in the state courts. She brings her claims against judges, referees, and staff of the Oakland County Circuit Court's Family Division, as well as Michigan Court of Appeals Judges.

The Defendants have moved to dismiss Ms. Oliver's claims on the basis that the Court lacks subject matter jurisdiction. *See* ECF Nos. 11, 17 and 41. The Court referred these motions to Magistrate Judge Elizabeth A. Stafford for a report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B). Magistrate Judge Stafford recommended that all of the motions to dismiss be granted and the case be dismissed in its entirety for lack of subject matter jurisdiction. *See* ECF Nos. 37, 40, 50. She further recommended that the Court decline to exercise supplemental jurisdiction over Ms. Oliver's state law claims. *Id*. Ms. Oliver has filed objections to Magistrate Judge Stafford's Reports and Recommendations. *See* ECF Nos. 42-43, 51. For the reasons that follow, the Court accepts and adopts Magistrate Judge Stafford's Reports and Recommendations as this Court's factual findings and conclusions of law, overrules Plaintiff's objections, dismisses the federal claims, and declines to exercise supplemental jurisdiction over the state law claims.

## II.    STANDARD OF REVIEW

The standard of review to be employed by the Court when examining a report and recommendation is established in 28 U.S.C. § 636. This Court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C). This Court "may accept, reject or modify, in whole or in part, the findings or recommendations made by the magistrate." *Id.*

2

### III. LAW & ANALYSIS

#### A. Defendants Elizabeth L. Gleicher, Jane E. Markey, Sima G. Patel and Douglas Sharpiro's Motion to Dismiss [ECF No. 11]

In her Report and Recommendation, Magistrate Judge Stafford correctly concludes that Ms. Oliver's claims do not support subject-matter jurisdiction because federal courts lack jurisdiction over domestic relations matters and Ms. Oliver's claims are merely a collateral attack on the outcome of her family court proceedings. *See Danforth v. Celebrezze*, 76 F. App'x 615, 616 (6th Cir. 2006). Domestic relations matters are within the exclusive jurisdiction of the state courts. *Id*. The core concern Ms. Oliver raises in her Amended Complaint is her disagreement with the state court judgment in her divorce and custody proceedings and the Michigan Court of Appeals' decision affirming the trial court's decision. She complains that the state courts' decisions were obtained through fraud and her ex-husband's perjury and asserts her parental fitness and disagreement with the requirement that she pay child support.

Magistrate Judge Stafford also correctly found that the *Rooker-Feldman* doctrine precludes this Court from exercising jurisdiction over this matter, which effectively seeks to collaterally attack the trial court's and Michigan Court of Appeals' decisions. *See Dist. Of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415-16 (1923). The *Rooker-Feldman* doctrine deprives federal courts of jurisdiction to determine the

validity of state court judgments, as well as federal claims "inextricably intertwined" with state court decisions. *See Patman v. Michigan Supreme Court*, 224 F.3d 504, 509-10 (6th Cir. 2000). Here, the Michigan Court of Appeals affirmed the state court judgment in Plaintiff's domestic relations case. She therefore can challenge the state court judgment to the Michigan Supreme Court and, if she is still dissatisfied, she can challenge this decision directly to the United States Supreme Court. *United States v. Owens*, 54 F.3d 271, 274 (6th Cir. 1995).

Additionally, Michigan Court of Appeals judges Elizabeth L. Gleicher, Jane E. Markey, Douglas B. Shapiro, and Sima G. Patel are immune from liability under § 1983. *See Stump v. Sparkman*, 435 U.S. 349, 355-56 (1978). This judicial immunity applies even if the judge's "exercise of authority is flawed by the commission of grave procedural errors." *Id.* at 359. Judicial immunity from § 1983 liability is only overcome in two sets of circumstances that are not present here; namely, a judge is not immune from suit for non-judicial acts or when judicial actions are undertaken "in the complete absence of all jurisdiction." *Mireles v. Waco*, 502 U.S. 9, 11-12 (1991) (citations omitted). Here, there is no dispute that Plaintiff's allegations against the Michigan Court of Appeals judges involve actions taken in their judicial capacity. Plaintiff does not allege any facts supporting the conclusion that their actions were taken in the absence of all jurisdiction.

4

The Magistrate Judge also correctly concluded that Plaintiff may not represent her minor children in this action. *See Shepherd v. Wellman*, 313 F.3d 963, 970 (6th Cir. 2002) ("Parents cannot appear *pro se* on behalf of their minor children because a minor's personal cause of action is her own and does not belong to her parent or representative.")

The Court also agrees with Magistrate Judge Stafford that it should decline to exercise supplemental jurisdiction over Ms. Oliver's state law claims. "A district court has broad discretion in deciding whether to exercise supplemental jurisdiction over state law claims." *Musson Theatrical, Inc. v. Federal Exp. Corp.*, 89 F.3d 1244, 1254 (6th Cir. 1995) (internal citation omitted); *City of Chicago v. Int'l Coll. Of Surgeo*ns, 522 U.S. 156, 173 (1997) (explaining that under the supplemental jurisdiction statute, federal courts decide whether to exercise supplemental jurisdiction "at every stage of the litigation"). Because the Court concludes that it lacks subject matter jurisdiction, and declines to exercise supplemental jurisdiction, Ms. Oliver's claims against her ex-husband, Matthew W. Oliver, and his attorney, Philip G. Vera, are also dismissed.

In Plaintiff's first objection, she argues Magistrate Judge Stafford incorrectly concluded her claims stem from her dissatisfaction with the outcome of her domestic relations case in the state courts. Plaintiff's objection is merely that her complaint sets forth sufficient allegations for a Racketeer Influenced and Corrupt

5

Organizations Act (RICO) claim. However, the Magistrate Judge recognized the federal claims, noting that "[a]lthough the complaint asserts federal RICO and due process claims, the allegations concern the merits of the family court proceedings." ECF No. 37, PageID.2469.

As to Plaintiff's second objection, contrary to her assertion, the Magistrate Judge correctly concluded the *Rooker-Feldman* doctrine bars her claims because they are actually claims regarding the "merits of domestic relations issues and seek federal review of the state court judgment." *Id.*, PageID.2471.

Plaintiff's third objection relates to the Oakland County Circuit Court Defendants and not the Michigan Court of Appeals Defendants. However, the Magistrate Judge correctly found that the Michigan Court of Appeals judges are immune from suit. Plaintiff cites to distinguishable cases in an attempt to evade absolute immunity. The decision in *Westfall v. Erwin*, 484 U.S. 292, 293 (1988) involves absolute immunity provided by federal law to federal employees. The State Defendants are not federal employees. Ms. Oliver's reliance on *United States v. Lanier*, 520 U.S. 259 (1997) is also misplaced as that case has no analysis or findings regarding absolute immunity because it involves an appeal related to the criminal conviction of a state judge for assaulting five women. Neither of these cases are applicable herein.

Similar to Plaintiff's third objection, her fourth, fifth and seventh objections address the Oakland County Defendants and have no bearing on the Michigan Court of Appeals judges.

Next, Ms. Oliver's sixth objection relates to Magistrate Judge Stafford's conclusion that, if this action were to proceed, her minor children must either obtain legal counsel or be dismissed from the action. Plaintiff's objection confuses the difference between serving as a next friend under Fed. R. Civ. P. 17(c) and serving as counsel. While she could serve as a "next friend" for her children, this rule does not provide that she can also represent her minor children's legal interests.

Finally, Ms. Oliver's eighth objection does not address any of the factual findings or legal conclusions in Magistrate Judge Stafford's Report and Recommendation, but inappropriately maligns her character.

For all of these reasons, the Court accepts and adopts Magistrate Judge Stafford's February 9, 2023 Report and Recommendation as this Courts factual findings and conclusions of law and overrules Plaintiff's objections. The Michigan Court of Appeals judges are entitled to the relief sought in their Motion to Dismiss.

> **B. Defendants Faith Catenacci, Erica Cheritt, Peter K. Dever, Shannon Fler, Tara Gardocki, Katherine K. Heritage, Suzanne K. Hollyer, Julie McDonald, Ryan O'Neil, Oakland County Friend of the Court, Stephanie Pyrros-Hensen, Dana Redoutey, and Katie Ward's Motion to Dismiss [ECF #17]**

Similar to her Report and Recommendation regarding the Michigan Court of Appeals judges' Motion to Dismiss, Magistrate Judge Stafford recommends that the Oakland County Circuit Court and Friend of the Court judges and employees' Motion to Dismiss be granted because the Court lacks jurisdiction to consider Ms. Oliver's claims. In addition to the *Rooker-Feldman* doctrine, and judicial immunity, Magistrate Judge Stafford concluded Ms. Oliver's claims against the Defendant court employees are due to be dismissed because they are immune from suit as non-judicial officers who perform "quasi-judicial" duties. *See Bush v. Rauch*, 38 F.3d 842, 847 (6th Cir. 1994). Magistrate Judge Stafford also concluded that the Friend of the Court is entitled to Eleventh Amendment immunity. *Merritt v. Lauderbach*, No. 12-CV-14141, 2013 WL 1148421, at *4 (E.D. Mich. Mar. 19, 2013); *see also Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 101 (1984) (holding the Eleventh Amendment bars federal suit against a state or its departments or agencies unless the state has waived sovereign immunity or consented to suit.). The Magistrate Judge reached the correct conclusions.

In her objection, Plaintiff argues her case should not be dismissed for lack of jurisdiction. Contrary to Plaintiff's objection, this Court lacks jurisdiction over her claims which attack the decisions of the state courts. As such, the Court accepts and adopts Magistrate Judge Stafford's February 7, 2023 Report and

Recommendation as this Court's factual findings and conclusions of law, overrules Plaintiff's objection and grants Defendants Faith Catenacci, Erica Cheritt, Peter K. Dever, Shannon Fler, Tara Gardocki, Katherine K. Heritage, Suzanne K. Hollyer, Julie McDonald, Ryan O'Neil, Oakland County Friend of the Court, Stephanie Pyrros-Hensen, Dana Redoutey, and Katie Ward's Motion to Dismiss.

### C. Defendant Susan E. Cohen's Motion to Dismiss

In her March 9, 2023 Report and Recommendation, Magistrate Judge Stafford likewise concluded that the Court lacks jurisdiction over this collateral attack of Ms. Oliver's domestic relations case. Magistrate Judge Stafford further found that Defendant Cohen's request to dismiss this matter pursuant to Fed. R. Civ. P. 12(b)(6) is inappropriate because the Court has no power to reach the merits of Plaintiff's claims. *See Moir v. Greater Cleveland Reg'l Transit Auth.*, 895 F.2d 266, 269 (6th Cir. 1990) (A"Rule 12(b)(6) challenge becomes moot if this court lacks subject matter jurisdiction.").

Plaintiff's objection to Magistrate Judge Stafford's correct factual findings and legal conclusions is without merit. Ms. Oliver fails to advance any viable facts or legal argument demonstrating Magistrate Judge Stafford wrongly determined this matter must be dismissed for lack of jurisdiction. Therefore, the Court hereby accepts and adopts Magistrate Judge Stafford's Report and Recommendation, overrules Plaintiff's objection and grants Defendant Cohen's Motion to Dismiss.

9

## IV. CONCLUSION

Accordingly, Magistrate Judge Elizabeth A. Stafford's Reports and Recommendations [#40, #37, and #50] are ACCEPTED and ADOPTED as this Court's factual findings and conclusions of law.

Plaintiff's objections [#42, #43, and #51] are OVERRULED.

Defendants Elizabeth L. Gleicher, Jane E. Markey, Sima G. Patel and Douglas Sharpiro's Motion to Dismiss [#11] is GRANTED.

Defendants Faith Catenacci, Erica Cheritt, Peter K. Dever, Shannon Fler, Tara Gardocki, Katherine K. Heritage, Suzanne K. Hollyer, Julie McDonald, Ryan O'Neil, Oakland County Friend of the Court, Stephanie Pyrros-Hensen, Dana Redoutey, and Katie Ward's Motion to Dismiss [#17] is GRANTED.

Defendant Susan E. Cohen's Motion to Dismiss [#41] is GRANTED.

Ms. Oliver's claims against Defendants Matthew W. Oliver and Philip G. Vera are also DISMISSED.

This cause of action is DISMISSED.

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record and on Shari L. Oliver, 189 N. Castle Dr., Cedar City, UT 84720 on September 20, 2023, by electronic and/or ordinary mail.

/s/ Teresa McGovern
Case Manager